# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | § | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | CASE NO. 2:10-mj-01235 |
| | § | |
| **PEN REGISTER** | § | |
| | § | |

## UNITED STATES' RESPONSE TO MOTION FOR UPDATED STATUS REPORT

The United States of America ("United States") hereby responds to Dow Jones & Company's ("Dow Jones'") motion for an updated status report in this matter. For the reasons discussed below, the United States opposes Dow Jones' motion.

### A. *The proceedings in this matter, and Dow Jones' motion seeking the unsealing of documents.*

On December 1, 2010, this matter was initiated. On June 2, 2014, Dow Jones filed a motion, seeking to intervene in this action and requesting the unsealing of all of the documents in this matter. Dow Jones also sought the public identification on the docket sheet of the sealed documents. Dow Jones' motion was grounded on its argument that the common law and the First Amendment afford a public right of access to the documents in this matter.

### B. *The United States' response, and the sealed appendix.*

The United States opposed Dow Jones' motion in a filing submitted on August 1, 2014. In its filing, the United States replied that neither the common law nor the First Amendment provide any right or presumption of access like that sought by Dow Jones in this case. First, Congress abrogated any common law presumption of access by enacting the comprehensive statutory scheme in the Stored Communications Act ("SCA"). Additionally, there is no First Amendment right of access to SCA materials, because there is neither a history of openness in

actions to obtain information under the SCA nor any role for openness in the process for obtaining that information. The United States' response was accompanied by a separate document, filed *ex parte* and under seal. This appendix described the nature and status of the underlying criminal investigation.

### C. Dow Jones' instant motion.

In its instant request for a status report, Dow Jones seeks a court order requiring the United States to update the sealed appendix. Taking matters a step further, Dow Jones also requests that this Court order the United States to file what it terms a "public" version of both the original appendix and its requested updated appendix.

### D. An updated appendix is unnecessary (as is a "public version" of any appendix), because there is no common law presumption of, or First Amendment right to, access to the materials in this matter, irrespective of the status of the underlying criminal investigation.

The United States' arguments for continued sealing of the documents in this case, discussed in the United States' August 1 filing, are valid irrespective of the status of the criminal investigation. Whether the underlying criminal investigation is still ongoing or not, there is no common law presumption of, nor a First Amendment right of, access to SCA proceedings. As discussed in the United States' brief, Congress abrogated any common law presumption of access, section 2703(d) materials fall within the narrow class of documents that are not subject to the common law presumption of access, and section 2703(d) materials are not "judicial records or documents." With regard to the First Amendment claim, Dow Jones cannot meet either the "logic" or "experience" tests for First Amendment access. There is no historical tradition of access to section 2703(d) orders, and public access plays no role in the section 2703(d) process.

In its August 1 filing, the United States argued additionally that, should this Court determine that either a common law presumption or a First Amendment right of access applies,

2

then significant countervailing interests (with regard to any common law presumption of access) or compelling interests (with regard to any First Amendment right of access) justify the continued sealing of the documents. These arguments relied in part on the continued pendency of the underlying investigation. This Court, however, need not consider the status of the underlying investigation in order to reject Dow Jones' motion to unseal the documents in this matter. Rather, this Court can rely strictly on the arguments summarized in the previous paragraph, above.

Because the United States' arguments do not rely for their validity on the continued pendency of the underlying criminal investigation, an updated appendix is unnecessary for this Court's resolution of Dow Jones' request. The United States therefore opposes Dow Jones' request for the filing of an updated appendix. The United States likewise opposes Dow Jones' bid for the filing of a "public" version of the original appendix or any updated appendix. The United States filed the appendix to provide this Court with the background and status of the underlying investigation, and the appendix should remain sealed for the same reasons that the other documents in this matter should remain sealed.

This Court should deny Dow Jones' instant motion. The documents in this case should remain sealed, and the docket sheet should remain unchanged.

>Respectfully submitted,
>
>KENNETH MAGIDSON
>United States Attorney
>
>By: **s/ Mitchel Neurock**
>MITCHEL NEUROCK
>Executive Assistant United States Attorney
>Texas Bar Number 00784672
>S.D. Texas Bar Number 31513
>1000 Louisiana Street, Suite 2300
>Houston, Texas 77002
>(713) 567-9710
>(713) 718-3300 (fax)
>mitchel.neurock@usdoj.gov
>
>DATE: March 10, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this response was served on counsel for movants by electronic filing on March 10, 2015.

<u>**s/ Mitchel Neurock**</u>
MITCHEL NEUROCK